Sanjay Sethi, Esq.
Sethi & Mazaheri, LLC.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com
Bar #: 1009588

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **GHOLAMREZA ATTARAN**<br>11 16th Street, Gandi Avenue<br>Tehran, Iran<br><br>Plaintiff,<br><br>v.<br><br>**KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**KIKA SCOTT,** *in her official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**MARY ELIZABETH BRENNAN SENG,** *in her official capacity as Director, Texas Service Center, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**PAM BONDI,** *in her official capacity as Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001<br><br>Defendants. | **CIVIL ACTION NO.**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS

Plaintiff Gholamreza Attaran ("Plaintiff" or "Mr. Attaran"), through undersigned counsel, alleges as follows:

### I.     PRELIMINARY STATEMENT

1. Plaintiff Gholamreza Attaran, an individual of exceptional ability who has made significant contributions in the field of business, particularly as it pertains to multi-level marketing strategies. Plaintiff filed for an I-140 Petition for Alien Worker with a National Interest Waiver ("I-140 EB-2/NIW petition") on September 11, 2024. Without conducting the appropriate analysis, United States Citizenship and Immigration Services ("USCIS") denied his petition on January 21, 2025.

2. Plaintiff is a seasoned entrepreneur with more than 30 years of expertise in establishing and building successful businesses and driving market expansion. Mr. Attaran's exceptional ability is evidenced by his successful leadership as Founder and CEO of Bazaryaban Iranian Zamin (BIZ), a knowledge-based company recognized by Iran's Knowledge-Based Companies Evaluation Working Group. Since its establishment in 2011, Plaintiff's business has transformed the network marketing industry in Iran, growing to manage over 1.6 million independent sales representatives and employing 130 full-time staff across 168 branches under his leadership.

3. On September 11, 2024, Plaintiff filed an I-140 EB-2/NIW petition with USCIS, seeking classification as an alien of exceptional ability in the field of multi-level marketing.

4. Despite submitting extensive evidence of his qualifications and the national importance of his work, USCIS denied Plaintiff's petition on January 21, 2025. In denying the I-140 petition, Defendant USCIS determined that Plaintiff failed to establish eligibility for a second preference classification under INA § 203(b)(2)(A) or a national interest waiver under the standard established in *Matter of Dhanasar,* 26 I&N Dec. 884 (AAO 2016).

5. Defendant USCIS's denial is arbitrary, capricious, and contrary to the evidence presented. Most egregiously, in making the decision, USCIS failed to recognize Plaintiff as a professional holding an advanced degree, instead solely evaluating his eligibility as an alien of exceptional ability. Furthermore, the agency repeatedly disregarded evidence in the record without offering a substantive assessment of its alleged deficiencies or by imposing additional evidentiary requirements unsupported by law or agency policy.

6. Additionally, Defendant USCIS' review ignored compelling evidence of the broader implications of Plaintiff's work, including its potential to contribute significantly to the U.S. economic and technological landscape. Plaintiff demonstrated how his successful business model in Iran could be replicated and adapted in the United States, which would in turn help address critical issues like unemployment, economic disparities, and workforce development. The evidentiary record demonstrated Plaintiff's immense success in the field through his company's receipt of awards in Iran and abroad, professional certifications and licenses, and the testimonial of experts. Defendant USCIS failed to properly evaluate this evidence and instead dismissed these broader implications without sufficient analysis, contrary to the standards established in *Matter of Dhanasar.*

7. This action is brought against the Defendants for declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act

("APA") based on Defendants' unlawful, arbitrary, and *ultra vires* denial of Plaintiff's I-140 EB-2/NIW petition, which sought to classify him as an a "professional holding an advanced degree" or "an alien with exceptional ability" in the field of business.

## II. STATEMENT OF FACTS

8. Plaintiff filed an I-140 Immigrant Petition on September 11, 2024 [USCIS Receipt Number: IOE0927648246] with the United States Citizenship and Immigration Services ("USCIS") Texas Service Center ("TSC") seeking an immigrant visa under the employment-based second preference category ("EB-2") of the Immigration and Nationality Act ("INA") on the basis of him being a member of the professions holding an advanced degree or an alien of exceptional ability in the field of multi-level marketing. In order to demonstrate eligibility for the immigrant visa, the petition must be accompanied by evidence showing that the alien is a professional holding an advanced degree or an alien of exceptional ability in the sciences, the arts, or business satisfying at least three of six qualifying criteria outlined in 8 CFR § 204.5(k)(3).

9. In addition, Plaintiff applied for a waiver of the requirement to obtain a labor certification, available to applicants whose professional field is in the "national interest" of the United States as outlined in 8 CFR § 204.5(k)(4)(ii) and *Matter of Dhanasar*.

10. Plaintiff submitted over 600 pages of documentary evidence establishing his eligibility for the employment-based second preference category ("EB-2") with a waiver of the labor certification.

11. Plaintiff's initial submission included evidence that he is professional holding an advanced degree, and that he is an alien of exceptional ability in his field, such as:

4

    a. Advanced degrees, including a Master's Degree in State Management and a Bachelor's Degree in Public Administration.

    b. Documentation of his over 20 years of professional experience as Founder and CEO of Bazaryaban Iranian Zamin (BIZ).

    c. Evidence of holding licenses and professional certificates.

    d. Evidence of recognition for his achievements and his significant contributions to the industry, including awards such as the Middle East, North Africa & Asia Best Business Leaders Award.

    e. Evidence that Mr. Attaran has commanded a salary or other remuneration for services that demonstrates his exceptional ability, as Founder and CEO of Bazaryaban Iranian Zamin (BIZ).

    f. Evidence of his membership in professional associations.

    g. Expert opinion letters from professionals in the field, attesting to Plaintiff's exceptional abilities and potential contributions to the United States.

12. In response to Plaintiff's submission, Defendant USCIS issued a Request for Evidence ("RFE") on September 25, 2024.

13. Defendant USCIS found in its RFE that Plaintiff did not establish that he met any of six statutory requirements outlined in 8 CFR § 204.5(k)(3) to be eligible for classification as an alien of exceptional ability in his field. Further, Defendant USCIS failed entirely to examine Plaintiff's eligibility as a professional holding an advanced degree. The RFE failed to engage with proffered evidence or provide any substantive evaluation of the submitted evidence regarding Plaintiff's academic background, employment history, licenses

and certificates, as well as evidence of his high salary or remuneration and recognition for his significant contributions and achievements in his field.

14. Furthermore, Defendant USCIS asserted that Plaintiff failed to establish that his petition merits the granting of a national interest waiver (NIW), pursuant to 8 CFR § 204.5(k)(4)(ii) and *Matter of Dhanasar*. USCIS specifically found that Plaintiff did not establish the substantial merit and national importance of the proposed endeavor, that he was well-positioned to advance the proposed endeavor, and that on the balance it would be beneficial to waive the EB-2 visa's job requirement and labor certification.

15. The generic nature of the RFE issued by Defendant USCIS makes it clear that a meaningful analysis of the evidence and Plaintiff's eligibility was never conducted. The notice dismisses all provided translations, despite the required certifications having been provided, and makes broad assertions regarding the limited evidence which it accepted before concluding that Plaintiff "has not shown that the proposed endeavor in this case stands to sufficiently extend beyond his own personal benefit to impact the industry or field more broadly." The agency's assertion ignores compelling evidence regarding the national importance and substantial merit of Plaintiff's proposed business venture, particularly as it relates to the success that his organization has achieved within Iran.

16. One prominent example of USCIS' flawed analysis can be seen in their analysis of whether Plaintiff is well-positioned to advance the proposed endeavor. USCIS found that "[t]he self-petitioner provided evidence of awards and certificates of completion he received from different organizations. However, there is no evidence in the record that establishes his roles to the extent that he should be credited with the success of the overall competitions, field, industry or any interest that it generated," despite extensive evidence in

6

the record establishing Plaintiff's role as Founder and CEO of Bazaryaban Iranian Zamin (BIZ). The agency's position that Plaintiff – as Founder and CEO of BIZ – cannot be credited with the overall success of the organization is entirely without merit.

17. Moreover, the agency repeatedly disregarded letters provided by experts in the field attesting to Plaintiff's significant achievements, finding that "the evidence does not indicate that the self-petitioner's personal achievements and contributions to his own organization have been significant to the industry or field and have been recognized by peers, governmental entities, or professional or business organizations." Defendant USCIS' position goes against established agency policy which provides that the letters themselves may serve as significant recognition of a beneficiary's achievement in the field, as determined by the statutory language of the federal regulation. 8 CFR 204.5(k)(3)(ii).

18. In response to the RFE, Plaintiff submitted a comprehensive evidentiary packet of over 200 pages addressing the areas of insufficiency outlined by Defendant USCIS, which was received by the Texas Service Center on December 20, 2024. Plaintiff's response to the RFE discussed in detail the shortcomings in Defendant's analysis of the evidence for each of the eligibility criteria and provided supplementary evidence to address the purported deficiencies of the initial submission, including updated translations.

19. On January 21, 2025, Defendant Texas Service Center denied the Plaintiff's EB-2/NIW I-140 petition. In this notice, the Defendants determined that Mr. Attaran failed to establish by a preponderance of the evidence that he is a professional holding an advanced degree or an individual of exceptional ability pursuant to § 203(b)(2)(A) of the INA, and further found that Plaintiff did not establish that the proposed endeavor is of substantial merit or national importance, that he is well-positioned to advance the proposed endeavor, and that,

7

on the balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. *Matter of Dhanasar,* 26 I&N Dec. 884 (AAO 2016). USCIS' decision is based on a cursory review of the evidentiary record, disregarding compelling evidence of the Plaintiff's eligibility and relying on flawed reasoning unsupported by agency policy.

20. First, the denial notice clearly indicates that USCIS failed to meaningfully review the RFE submission. Most notably, the agency's failure to recognize Plaintiff's master's degree as an advanced degree for the purposes of second preference classification demonstrates the grave oversight of Defendant USCIS' review.

21. As with the RFE notice, USCIS failed to conduct a thorough analysis of the extensive submission and imposed additional evidentiary burdens inconsistent with agency policy and legal precedent. In one instance, Defendant USCIS erred in its analysis by suggesting that the licenses and certifications provided to establish Plaintiff's eligibility under 8 CFR 204.5(k)(3)(ii) could not be considered as they are not *required* in order to practice his profession, a position which goes against the plain language of the statute. Further, the denial notice notes that Plaintiff failed to establish the "professional" nature of the organizations in which he is a member, despite relevant, probative evidence having been submitted at the outset regarding the associations in questions.

22. Additionally, Defendant USCIS' review ignored compelling evidence of the broader implications of Plaintiff's work, including its potential to contribute significantly to the U.S. economic and technological landscape. Plaintiff demonstrated how his successful business model in Iran could be replicated and adapted in the United States and provided evidence of his success in the field through his company's receipt of awards in Iran and

abroad, professional certifications and licenses, and the testimonial of experts. Defendant USCIS failed to properly evaluate this evidence in determining that Plaintiff did not establish that his "proposed endeavor stands to impact the regional or national population at a level consistent with having national importance." The agency's analysis dismisses the broader implications of Plaintiff's proposed endeavor without sufficient analysis, contrary to the standards established in *Matter of Dhanasar.*

23. With respect to the evidence provided to establish Plaintiff's eligibility for a national interest waiver, Defendant USCIS' continued dismissal of expert opinion letters and contracts provided by Plaintiff as insufficient to demonstrate his record of success further underscores its flawed analysis. The Denial Notice demonstrates a deliberate effort to minimize Plaintiff's extensive history of leadership in the business industry and his track record of success, both of which are directly indicative of his potential to achieve and advance his proposed endeavor in the United States. The record included detailed letters from leaders in the field endorsing Plaintiff's innovative contributions to the industry in Iran, the impact of his work, and highlighting his ability to lead a new venture in the United States. By failing to give proper weight to these endorsements and other supporting evidence, Defendant USCIS disregarded significant, probative evidence that clearly demonstrates Plaintiff's capacity to achieve the objectives of his proposed endeavor. The Denial Notice's conclusion that Plaintiff is not well-positioned to advance his endeavor is not supported by the record and constitutes an arbitrary dismissal of relevant evidence.

24. Given the stark disregard for Plaintiff's relevant evidence, it is clear from the record that an in-depth analysis of Plaintiff's eligibility was not properly conducted. Defendant USCIS and the Texas Service Center failed to appropriately adjudicate Plaintiff's

9

petition for an EB-2 visa with a National Interest Waiver as an expert in multi-level marketing, as demonstrated by their summary dismissal of probative evidence.

### III. JURISDICTION

25. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

26. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

27. 8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and

exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As this is not an action to review a removal order but an action challenging decisions by Defendants to deny Plaintiff's EB-2 I-140 petition, which was arbitrary, capricious, and contrary to law and settled agency practice, this Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

## IV.  VENUE

28.  Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(b)(1)(2) as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.  PARTIES

29.  Plaintiff Gholamreza Attaran ("Plaintiff") is a citizen of Iran. Plaintiff filed his I-140 EB-2/NIW petition on September 11, 2024, with the Texas Service Center of USCIS [Receipt Number: IOE0927648246] seeking an immigrant visa with which to enter the United States and work in his field.

30.  Defendant Kristi Noem ("Secretary Noem") is the Secretary of the U.S. Department of Homeland Security ("DHS"), the department under which the U.S. Citizenship and Immigration Services ("USCIS") and its Texas Service Center ("TSC") operate. The DHS is responsible for overseeing its sub-agency USCIS. As such, Secretary Noem has supervisory responsibility over USCIS and the adjudication of immigration-related petitions and applications such as the I-140 EB-2/NIW petition. Secretary Noem is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.

This action is brought against her in her official capacity only, as well as her successors and assigns. The DHS is headquartered at 2707 Martin Luther King Jr Avenue SE, Washington, DC 20528.

31. Defendant Kika Scott ("Acting Director Scott") is the Senior Official Performing the Duties of the Director of USCIS, the agency under which the TSC operates. USCIS is responsible for processing immigration and naturalization applications and establishing policies regarding immigration services. As such, Acting Director Scott has supervisory responsibility over all operations of USCIS, which includes TSC and the adjudication of I-140 EB-2/NIW petition. Acting Director Scott is charged with the implementation of the INA and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. This action is brought against her in her official capacity only, as well as her successors and assigns. USCIS is headquartered at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

32. Defendant Mary Elizabeth Brennan Seng ("Director Brennan Seng") is the Director of the Texas Service Center ("TSC") of USCIS. Director Brennan Seng is charged with overseeing the operations of the TSC, which includes adjudication of I-140 EB-2 petitions processed there. Director Brennan Seng is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. This action is brought against her official capacity only, as well as her successors and assigns. TSC is headquartered at 6046 N. Belt Line Road, Irving, TX 75038-0001.

33. Defendant Pam Bondi ("Attorney General Bondi") is the Attorney General of the United States. Attorney General Bondi is charged with certain functions involved in the implementation of the INA and is further authorized to delegate such powers and authority to

subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice ("DOJ"). This action is brought against her in her official capacity only, as well as her successors and assigns. The DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## VI.  EXHAUSTION OF REMEDIES NOT REQUIRED

34. Plaintiff is not required to exhaust any administrative remedies before bringing this complaint. The denial of the I-140 EB-2/NIW petition by Defendant USCIS is a final agency action. There is no statutory or regulatory requirement to appeal to the agency in question. *See, Darby v. Cisneros,* 509 U.S. 137, 146-47, 153 (1993); *RCM Technologies, Inc. v. DHS,* 614 F.Supp.2d 39, 45 (D.D.C. 2009).

## VII.  CAUSE OF ACTION

### COUNT ONE:

### Violation of the APA, 5 U.S.C. § 701, *et seq.* by DHS/USCIS

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702.

37. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See,* 5 U.S.C. § 706(2)(A).

38. Defendant USCIS's decision to deny Plaintiff's EB-2 I-140 petition was illegal, improper, and is reviewable under 5 U.S.C. § 702.

39. As a result of defendant USCIS's illegal conduct, Plaintiff is "suffering [a] legal wrong because of agency action" and is "adversely affected or aggrieved by [the] agency action," and therefore is entitled to judicial review of the revocation under 5 U.S.C. § 702.

40. Defendants' decision to deny Plaintiff's I-140 petition despite the evidence in the record demonstrating that he met the requirements as a member of the professions holding an advanced degree or as an alien exceptional ability who merits the waiver of the labor certification in the national interest of the United States, is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

## COUNT TWO:

## Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705

41. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate processes to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of review proceedings.

## VIII.   INJURIES TO PLAINTIFF

43. Defendants' wrongful denial of Plaintiff's EB-2/NIW I-140 petition is causing him substantial professional, personal, and financial harm. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to deny his EB-2 I-140/NIW petition, Plaintiff is unable to obtain lawful permanent residence in the United States. Plaintiff is unable to plan for his future, including future employment and professional commitments.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Declare that the denial of Plaintiff's EB-2/NIW I-140 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2) Issue an order directing Defendants to reopen Plaintiff's EB-2/NIW I-140 petition and issue a decision that is compliant with legal standards governing such petitions;

(3) Issue an order directing Defendants to complete processing of Plaintiff's EB-2/NIW I-140 petition within a reasonable time set by this Court;

(4) Retain jurisdiction over this action to monitor and enforce Defendants' compliance with all orders of this Court;

(5) Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the Equal Access to Justice Act, 42 U.S.C. § 1988, 5 U.S.C. § 504, 28 U.S.C. § 2412 and any other applicable law; and

(6) Grant such other relief as this Court deems proper under the circumstances.

Respectfully submitted on this 17th day of March 2025.

/s/ SANJAY SETHI
_____

By: Sanjay Sethi, Esq.
**Sethi & Mazaheri, LLC**
344 Grove Street, #111
Jersey City, NJ 07302
Tel: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com
*Attorney for Plaintiff*

15