UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GHOLAMREZA ATTARAN,

Plaintiff,

v.

KRISTI NOEM,
Secretary of Homeland Security, et. al.,

Defendants.

Civ. A. No. 25-0770 (ABJ)

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

Table of Contents ... i

Table of Authorities ... ii

Background ... 1

Legal Standards ... 2

Argument ... 3

**I. Denial of the National Interest Waiver is Discretionary Agency Action Over Which the Court Lacks Jurisdiction.** ... 3

**II. Plaintiff's ultra vires APA Claim Fails to State a Claim for Relief.** ... 5

Conclusion ... 7

# TABLE OF AUTHORITIES

**Cases**

*Arpaio v. Obama*,
797 F.3d 11 (D.C. Cir. 2015)....................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Beshir v. Holder*,
10 F. Supp. 3d 165 (D.D.C. 2014)....................4

*Bestman v. DHS*,
2025 WL 358764, 20-cv-00564 (D.D.C. Jan. 31, 2025)....................6

*Bouarfa v. Mayorkas*,
604 U.S. 6 (2024)....................5

*Dept of Commerce v. New York*,
588 U.S. 752 (2019)....................4

*Fed. Express Corp. v. U.S. Dep't of Commerce*,
39 F.4th 756 (D.C. Cir. 2022)....................6, 8

*Griffith v. FLRA*,
842 F.2d 487 (D.C. Cir. 1998)....................6

*Heckler v. Chaney*,
470 U.S. 821 (1985)....................4

*Joorabi v. Pompeo*,
Civ. A. No. 20-0108 (RCL), 2020 WL 2527209 (D.D.C. May 17, 2020)....................2

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)....................2

*Kondapally v. USCIS*,
557 F. Supp. 3d 10 (D.D.C. 2021)....................4

*Matter of Dhanasar*,
26 I. & N. Dec. 884 (AAO 2016)....................2

*Mohammad v. Napolitano*,
680 F. Supp. 2d 1 (D.D.C. 2009)....................5

*Motor Vehicle Mfr. Ass'n v. State Farm Mut.*,
463 U.S. 29 (1983) ..... 6

*National Air Traffic Controllers Ass'n v. Federal Service Impasses Panel*,
437 F.3d 1256 (D.C. Cir. 2006) ..... 7

*Papasan v. Allain*,
478 U.S. 265 (1986) ..... 3

*Zhu v. Gonzales*,
411 F.3d 292 (D.C. Cir. 2005) ..... 1, 5

**Statutes**

5 U.S.C. § 701(a)(2) ..... 4

5 U.S.C. § 706(2)(A) ..... 6

8 U.S.C. § 1153(b)(2)(A) ..... 2

8 U.S.C. § 1252(a)(2)(B) ..... 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ..... 1, 2

Fed. R. Civ. P. 12(b)(6) ..... 1, 3

Fed. R. Civ. P. 12(h)(3) ..... 2

By and through their undersigned counsel, Defendants—certain agencies and officials of the United States responsible for administering the Nation's immigration laws and programs—respectfully move to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

In the Complaint, Plaintiff challenges a denial of his Form I-140 national interest waiver petition. Because such a decision is committed to agency discretion, the Administrative Procedure Act ("APA") does not provide jurisdiction to review the denial.

The Complaint specifically raises two Counts. Count One alleges U.S. Citizenship and Immigration Services' ("USCIS") denial of the Form I-140 petition violated the APA because it was arbitrary and capricious. ECF No. 1, Compl. at 13-14 ¶ 35-40. Count Two continues to allege that the denial violates the APA, but additionally requests injunctive relief staying the effect of a final decision denying the I-140 petition. *Id.* at 14 ¶ 41-42. As stated above, because a decision regarding whether or not to grant a national interest waiver is within the agency's discretion, this Circuit has consistently held that in this context the Court lacks subject matter jurisdiction. *See Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005). To the extent Plaintiff attempts to circumvent this jurisdictional bar by sporadically referencing the *ultra vires* exception, he fails to state a claim upon which relief can be granted as he relies on vague, inconsistent, and conclusory allegations attacking the thoroughness of USCIS's review of the record. Therefore, the Complaint should be dismissed.

## BACKGROUND

Filing a Form I-140 petition is the first step for noncitizen workers with "advanced degrees" or "exceptional abilit[ies]" to establish their eligibility for permanent legal residency in the United States. 8 U.S.C. § 1153(b)(2)(A). While a Form I-140 is typically filed by an employer who has obtained a labor certification from the Department of Labor, a petitioner can file a Form

I-140 for himself without a job offer from a U.S. employer or a labor certification, if he shows that granting him a visa would be "in the national interest." *Id.* at § 1153(b)(2)(B); *Matter of Dhanasar*, 26 I. & N. Dec. 884, 885 (AAO 2016). Section 1153 provides that "the Attorney General *may*" waive the job requirement when he "*deems* it to be in the national interest." *Id.* (emphasis added).

**LEGAL STANDARDS**

Rule 12(b)(1) "requires courts to dismiss any case over which they lack subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and only have power that is expressly granted to them." *Joorabi v. Pompeo*, Civ. A. No. 20-0108 (RCL), 2020 WL 2527209, at *3 (D.D.C. May 17, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is the plaintiff's burden to establish that the Court has subject-matter jurisdiction." *Joorabi*, 2020 WL 2527209, at *3 (citing *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)). Similarly, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction as a decision on a national interest waiver falls squarely within agency discretion. *See Zhu*, 411 F.3d at 295. Moreover, any *ultra vires* challenge referenced in the Complaint fails to warrant the extreme remedy of judicial review as it relies on unsubstantiated assumptions that the denial was based on an inadequate review of the record.

### I. Denial of the National Interest Waiver is Discretionary Agency Action Over Which the Court Lacks Jurisdiction.

The APA bars review of any action "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Similarly, the Immigration and Nationality Act ("INA") also contains a jurisdiction-stripping provision. *See* 8 U.S.C. § 1252(a)(2)(B). It provides that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the[ir respective] discretion," other than the decision whether to grant asylum. 8 U.S.C. § 1252(a)(2)(B)(ii). Namely, both the APA and INA divest courts of "jurisdiction over discretionary agency action," including those of USCIS. *Beshir v. Holder*, 10 F. Supp. 3d 165, 171 (D.D.C. 2014). Agency action is committed to its "discretion by law" when "the relevant statute [or regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion" and "there is [thus] no 'law to apply.'" *Kondapally v. USCIS*, 557 F. Supp. 3d 10, 25 (D.D.C. 2021) (first quoting *Dept of Commerce v. New York*, 588 U.S. 752, 772 (2019), then quoting *Heckler v. Chaney*, 470 U.S. 821, 834 (1985)).

It follows, that because § 1153(b)(2)(B)(i) is within the subchapter covered by 8 U.S.C. § 1252(a)(2)(B)(ii), a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i) is a "decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). Moreover, the text of § 1153 affirmatively provides that "the Attorney General *may*" waive the job requirement when he "*deems* it to be in the national interest." 8 U.S.C. § 1153(2)(B)(i) (emphases added). Congress's use of "discretion conveying language"—namely, "may" and "deems"— clearly establishes that this decision is discretionary. *Mohammad v. Napolitano*, 680 F. Supp. 2d 1, 6 (D.D.C. 2009) (concluding court lacked jurisdiction to review USCIS's decision to revoke I-140 petition). Accordingly, it is clear on the face of § 1153 that the national interest waiver provision is a "broad grant of authority" that "fairly exudes deference" such that it is a "quintessential grant of discretion." *Bouarfa v. Mayorkas*, 604 U.S. 6, 14 (2024) (considering an analogous statute, § 1155). First, "the Attorney General . . . may 'deem' a waiver of the requirement to be in the 'national interest,' which determination calls upon his expertise and judgment unfettered by any statutory standard whatsoever." *Zhu*, 411 F.3d at 295. And second, even if a waiver is deemed to serve the national interest, the Attorney General "'may'—not that he must—then grant it." *Id.* The text suggests that "[t]hat the Attorney General has complete discretion" in this area. *Id.*; cf. *Mohammad*, 680 F. Supp. 2d at 6 (explaining that "Congress's use of the terms 'may,' 'at any time,'" and "'deems' infers discretion" (citing cases)). Thus the D.C. Circuit in *Zhu* affirmed the finding that courts lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review denials of national interest waivers. *Zhu*, 411 F.3d at 293. Recently, another District Court upheld this jurisdictional bar with an APA challenge regarding a national interest waiver. *See Bestman v. DHS*, 2025 WL 358764, Civ. A. No. 20-0564 (D.D.C. Jan. 31, 2025) (Kelly, J.). The holdings in *Zhu* and *Bestman*, that courts lack jurisdiction to review denials of national interest

waivers, is consistent with the holdings of every other circuit court to consider the issue. *See, e.g.*, *Flores v. Garland*, 72 F.4th 85, 93 (5th Cir. 2023) ("we hold that review of national-interest waiver denials is jurisdictionally barred by § 1252(a)(2)(B)(ii)."); *Brasil v. Sec'y of Dep't of Homeland Sec.*, 28 F.4th 1189, 1194 (11th Cir. 2022) (per curiam); *Mousavi v. USCIS*, 828 F. App'x 130 (3d Cir. 2020); *Poursina v. USCIS*, 936 F.3d 868, 875 (9th Cir. 2019). *See also Bouarfa*, 604 U.S. at 14 (applying a jurisdictional bar to review discretionary agency decisions). As a denial of the I-140 national interest wavier is within USCIS's discretion, this Court lacks subject matter jurisdiction to review the decision and should dismiss the Complaint.

## II. Plaintiff's *ultra vires* APA Claim Fails to State a Claim for Relief.

Far from being "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), USCIS "articulate[d] a satisfactory explanation for" denying Plaintiff's Form I-140 "that is supported by the" relevant regulations, *Motor Vehicle Mfr. Ass'n v. State Farm Mut.*, 463 U.S. 29, 43–44 (1983).

The D.C. Circuit has explained "*ultra vires* claims are confined to 'extreme' agency error where the agency has 'stepped so plainly beyond the bounds of [its statutory authority], or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court[.]'" *Fed. Express Corp. v. U.S. Dep't of Commerce*, 39 F.4th 756, 763-64 (D.C. Cir. 2022) (quoting *Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1998)). *See also National Ass'n of Postal Supervisors v. USPS*, 26 F.4th 960, 970 (D.C. Cir. 2022); *National Air Traffic Controllers Ass'n v. Federal Service Impasses Panel*, 437 F.3d 1256, 1263 (D.C. Cir. 2006) (requiring an *ultra vires* claimant establish the agency acted "in excess of its delegated powers and contrary to a specific prohibition' which 'is clear and mandatory") (internal citations omitted). "In other words, *ultra vires* claimants must demonstrate that the agency has plainly and openly crossed a congressionally drawn line in the sand." *Fed. Express Corp.*, 39 F.4th at 765. Only error that is "patently a misconstruction of

the Act," that "disregard[s] a specific and unambiguous statutory directive," or that "violate[s] some specific command of a statute" will support relief. *Griffith*, 842 F.2d at 493 (internal quotation marks and citations omitted); *see National Ass'n of Postal Supervisors*, 26 F.4th at 971 (The "challenged [agency] action must 'contravene[ ] a clear and specific statutory mandate' to be susceptible to *ultra vires* review.") (citation omitted).

Should the Court consider Plaintiff to have raised an *ultra vires* challenge,[1] the assumptions in the Complaint fall far short of the pleading standard and therein fail to state a claim on which relief can be granted. Plaintiff merely supposes USCIS must not have conducted the appropriate analysis seemingly because he subjectively believes the evidence he submitted was very compelling and therefore should have resulted in USCIS granting the petition. *See* Compl. at 3 ¶¶ 4-6 (alleging USCIS "failed to properly evaluate [the] evidence"). Plaintiff indicates he submitted "nearly 600 pages of documentary evidence." Compl. at 4 ¶ 10. Thereafter, USCIS issued a Request for Evidence ("RFE") indicating which elements they considered Plaintiff's evidence to be insufficient and provided Plaintiff an opportunity to supplement the record. *Id.* at 5 ¶ 13. Although Plaintiff takes issue with the RFE that he characterizes as generic, *id.* at 6 ¶ 15, he thereafter submitted a voluminous response amounting to approximately 200 pages. *See id.* at 7 ¶ 18. Although Plaintiff disagrees with the decision, it clearly referenced the nature of his petition

---

[1] Plaintiff references *ultra vires* only three times and notably, not as a Count in the Complaint. *See* Compl. at 3-4 ¶ 7 ("This action is brought against the Defendants . . . based on Defendants' unlawful, arbitrary, and *ultra vires* denial . . . ."), 14 ¶ 43 ("As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to denial his . . . petition . . ."), and 15 (Prayer for Relief) (". . . Plaintiff prays that this Honorable Court (1) Declare that the denial of Plaintiff's EB-2/NIW I-140 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process. . .").

and identified aspects where USCIS believed the evidence was insufficient to warrant a discretionary grant. *Id.* at 8-9 ¶¶ 21-22.

Even if Plaintiff has nominally attempted to circumvent the jurisdictional bar in raising an *ultra vires* challenge, the facts alleged in the Complaint support that USCIS reviewed the evidence and issued a decision based on their review of the record consistent with the statutory authority. Mere disappointment in an outcome or disagreement in the appropriate persuasive weight of evidence fails to plausibly allege an *ultra vires* claim for relief. Plaintiff has failed to articulate facts that would support any inclination of "extreme" agency error outside of or contrary to USCIS's statutory authority to warrant judicial review. *Fed. Express Corp.*, 39 F.4th 763-64; *Griffith*, 842 F.2d at 493.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss this case. A proposed order is enclosed herewith.

Dated: July 7, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Kristen J. Rees*
KRISTEN J. REES
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(956) 607-6897
kristen.rees@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GHOLAMREZA ATTARAN,

Plaintiff,

v.

KRISTI NOEM,
Secretary of Homeland Security, et. al.,

Defendants.

Civ. A. No. 25-0770 (ABJ)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED:

________________
Date

__________________________
AMY BERMAN JACKSON
United States District Judge