**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GHOLAMREZA ATTARAN,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>*Secretary of Homeland Security, et al.*<br><br>Defendants. | ) | Civil Action No. 25-0770 (ABJ) |

**MEMORANDUM OPINION**

Plaintiff Gholamreza Attaran has brought this action against defendants Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"); Kika Scott, in her official capacity as Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services ("USCIS"); Mary Elizabeth Brennan Seng, in her official capacity as Director of the Texas Service Center, USCIS; and Todd Blanche, in his official capacity as Attorney General of the United States.[1] Plaintiff alleges that defendants' denial of his employment-based preference category ("EB-2") visa application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Compl. ¶ 40. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss and Mem. in Support [Dkt. # 4] ("Defs.' Mot."). They contend that because the decision to deny a national interest waiver is committed wholly to their discretion, this Court

1 This suit was originally brought against Kristi Noem, former DHS Secretary, and Pam Bondi, former Attorney General. Under Federal Rule of Civil Procedure 25(d), the current DHS Secretary and Attorney General were substituted as defendants.

lacks subject matter jurisdiction, and that, to the extent plaintiff has raised an ultra vires claim, he has failed to state a claim upon which relief can be granted.

Because the Court lacks subject matter jurisdiction to review the challenged decision and the ultra vires claim fails to meet the high bar required for judicial review, defendants' motion to dismiss will be **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

The Immigration and Nationality Act ("INA") allocates the number of visas available to immigrants within a set of certain categories. *See* 8 U.S.C. § 1153. And section 1153(b) establishes employment-based preferences for immigrants who present certain qualifications. The second employment-based preference category, referred to as "EB-2," applies "to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(A). To qualify as an alien of exceptional ability, an applicant must generally establish that he meets at least three of the six regulatory criteria set forth in 8 C.F.R. § 204.5(k)(3)(ii),[2] or otherwise satisfies the regulatory requirements for demonstrating exceptional ability. *See* 8 C.F.R. § 204.5(k)(3). An EB-2 petition is typically filed by an employer

2 The six categories are: (1) an official academic record showing a degree, diploma, certificate, or similar award relating to the area of exceptional ability; (2) letters documenting at least ten years of full-time experience in the occupation; (3) a license to practice the profession or certification for the particular profession or occupation; (4) evidence that the applicant has commanded a salary or other remuneration demonstrating exceptional ability; (5) membership in a professional association; or (6) recognition for achievements and significant contributions to the industry or field by peers, governmental entities, or professional or business organizations. 8 C.F.R. § 204.5(k)(3)(ii)(A)–(F).

on behalf of the alien. *See* 8 U.S.C. § 1153(b)(2)(A); 8 C.F.R. § 204.5(k)(1). The INA, however, permits an applicant who qualifies for EB-2 classification to seek a waiver of the job offer and labor certification requirements, and the Attorney General may waive the requirement when he deems it "in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i).

Plaintiff, an Iranian citizen, filed an I-140 immigration petition with the USCIS Texas Service Center on September 11, 2024. Compl. ¶¶ 1, 29. He sought classification under the EB-2 category, citing his advanced degree and "exceptional ability in the field of multi-level marketing." Compl. ¶ 8; *see* 8 U.S.C. § 1153(b)(2)(A); 8 C.F.R. § 204.5(k)(1). Plaintiff, a "seasoned entrepreneur" and the founder and CEO of an Iranian network marketing company, Bazaryaban Iranian Zamin ("BIZ"), Compl. ¶ 2, sought the waiver that would permit him to file on his own behalf. *See* Compl. ¶ 9; *see* 8 U.S.C. § 1153(b)(2)(B)(i); 8 C.F.R. § 204.5(k)(4)(ii).

Plaintiff included in his petition "over 600 pages of documentary evidence establishing his eligibility" for the EB-2 visa and national interest waiver, including a master's degree in state management, a bachelor's degree in public administration, documentation of his role and salary as CEO and founder of BIZ, various professional licenses, certificates, memberships, awards, and letters of recommendation from colleagues. Compl. ¶¶ 10–11.

On September 25, 2024, USCIS replied to plaintiff's petition with a Request for Evidence ("RFE"), finding that "[p]laintiff did not establish that he met any of the six statutory requirements outlined in 8 CFR § 204.5(k)(3) to be eligible for classification as an alien of exceptional ability in his field" and that he had also "failed to establish that his petition merits the granting of a national interest waiver." Compl. ¶¶ 12–14. On December 20, 2024, plaintiff responded to the RFE with approximately 200 pages of "supplementary evidence to address the purported deficiencies of the initial submission." Compl. ¶ 18. On January 21, 2025, the Texas Service Center denied plaintiff's

EB-2 and national interest waiver petition. Compl. ¶ 19. It found that plaintiff had failed to establish that his proposed endeavor was of substantial merit or national importance, that he was well-positioned to advance the proposed endeavor, and that it would be in the interest of the United States to grant his waiver. Compl. ¶ 19.

On March 17, 2025, plaintiff filed this action to petition the Court to review the denial of his EB-2 visa and national interest waiver application. Compl. ¶¶ 35–40. On July 7, 2025, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mot. at 1. The matter is fully briefed.[3] *See* Pl.'s Br. in Opp. to Defs.' Mot. [Dkt. # 6] ("Pl.'s Opp.") and Defs.' Reply in Supp. of Defs.' Mot [Dkt. # 7] ("Defs.' Reply").

**STANDARD OF REVIEW**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005).

Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Food and Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

---

3 Defendants noted in their reply brief that plaintiff filed his opposition seven days after the deadline. Defs.' Reply at 2. While he should have sought an extension from the Court, the Court will accept the filing and review the motion on its merits. *See* Local Civil Rule 7(b).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) (citation omitted) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court in *Iqbal* outlined two central principles: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd,

only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 566 U.S. at 678–79, citing *Twombly*, 550 U.S. at 555–56. A claim is facially plausible if the facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556.

## ANALYSIS

The complaint consists of two counts. Count One is brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06. It alleges that the denial of the immigration petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and that the decision should be "held unlawful and set aside" under section 706(2)(A) and (D). Compl. ¶¶ 35–40. Count Two seeks injunctive relief pursuant to section 705. Compl. ¶¶ 41–42.

### I. The Court lacks subject matter jurisdiction to hear plaintiff's claims.

"[N]o court shall have jurisdiction to review" any "decision or action of the Attorney General or the Secretary of Homeland Security" that is left in "the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). In *Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005), the D.C. Circuit held that a national interest waiver for aliens of exceptional ability or holding an advanced degree falls within the scope of this jurisdiction-stripping provision, and the Court is bound to follow that authority.[4]

The Circuit's decision flows directly from the text of the national interest waiver provision. Section 1153(b)(2)(B)(i) provides: "the Attorney General *may*, when the Attorney General *deems it to be* in the national interest, waive the requirement[] . . . that an alien's services . . . be sought

4 This ruling is consistent with those of other courts in this district. *See Masroor v. Noem*, 2025 WL 2439176, at *2 (D.D.C. Aug. 25, 2025) (dismissing plaintiff's APA claim over the rejection of his I-140 petition for an EB-2 visa and national interest waiver for lack of subject matter jurisdiction); *Aghakasiri v. Bondi*, 2026 WL 772711, at *3–4 (D.D.C. Mar. 19, 2026) (same).

by an employer in the United States." (emphasis added). As the Court of Appeals put it, the interest waiver provision grants the Attorney General "complete discretion with respect to the labor certification requirement." *Zhu*, 411 F.3d at 295. That the Attorney General is not bound to grant a waiver even if the waiver is deemed to be in the national interest reflects Congress's determination that the Attorney General's "expertise and judgment [be] unfettered by any statutory standard whatsoever." *Id.* (internal citation omitted); *see Drake v. FAA*, 291 F.3d 59, 70–72 (D.C. Cir. 2002) (explaining that judicial review is unavailable where there is "no meaningful standard against which to judge the agency's exercise of discretion").

Plaintiff argues that *Zhu* does not apply because he "does not challenge the agency's discretion to weigh evidence," but rather "the failure to follow clear legal requirements and procedural norms." Pl's. Opp. at 4, citing *Mawalla v. Chertoff*, 468 F. Supp. 2d 177 (D.D.C. 2007). Although the court in *Mawalla* recognized that APA review may be available when an immigration petition denial is "based on a pure question of law, not on the exercise of discretion," that is not the case here. 468 F. Supp. 2d at 178. In *Mawalla*, USCIS denied plaintiff's petition "based on the legal conclusion that he was statutorily ineligible for adjustment of status." *Id.* at 181. Here, "USCIS asserted that [p]laintiff failed to establish that his petition merits the granting of a national interest waiver," Compl. ¶ 14, which is a decision based upon the exercise of discretion.

Other courts in this district have noted that a plaintiff may not "repackag[e] his substantive disagreement with the agency's decision as a procedural challenge." *Aghakasiri*, 2026 WL 772711 at *4, quoting *Karakenyan v. USCIS*, 468 F. Supp. 3d 50, 57 (D.D.C. 2020); *see Doe v. McAleenan*, 926 F.3d 910, 915 (7th Cir. 2019) (stating a plaintiff may not "sidestep [Section] 1252(a)(2)(B)(ii) by artfully framing a challenge to the agency's substantive decision as a procedural claim"). Plaintiff asserts that defendants made five procedural and legal errors when they denied his

national interest waiver: (1) defendants failed to examine plaintiff's eligibility as a professional holding an advanced degree; (2) defendants rejected plaintiff's professional licenses and "dismissed" his membership in professional associations; (3) defendants "disregarded entire categories of evidence;" (4) defendants failed to "consider the record as a whole," ignoring specific economic data and a detailed business plan; and (5) defendants "relied on boilerplate reasoning . . . with no individual analysis." Pl.'s Opp. at 4–5. But each of these steps was an aspect of exactly what this Court is not empowered to review: the agency's exercise of discretion. Plaintiff may well be educated, experienced, and successful in the marketing field – he could very well be outstanding in his field – but that does not mean that defendants were required to identify him as deserving of preferential immigration treatment or that the waiver of the ordinary procedures that would attend this type of immigration petition was in the national interest. Plaintiff's disagreement with and his disappointment in the assessment of his application are not enough to confer jurisdiction on this Court to review a purely discretionary action.

## II. Plaintiff fails to state an ultra vires claim.

Although not raised as a separate count in the complaint, plaintiff describes defendants' denial of his EB-2 visa and national interest waiver as ultra vires. Compl. ¶¶ 7, 43; Compl. at 15. In his opposition to the motion to dismiss, plaintiff elaborates on this concept, suggesting that defendants exceeded their authority by (1) "failing to adjudicate the 'advanced degree' prong of eligibility," citing Compl. ¶¶ 13, 20; (2) "making findings that run directly counter to the evidence in the record;" (3) "dismiss[ing] professional licenses and certifications on the grounds that they were not required to practice his profession;" (4) "disregarding material evidence;" and (5) "ma[king] conclusory determinations without addressing submitted evidence that ran contrary to those findings." Pl.'s Opp. at 6–7.

Defendants maintain that plaintiff failed to properly raise an ultra vires claim because he did not identify it as a cause of action in his complaint. Defs.' Mot. at 6; Defs.' Reply at 5. They add that even if such a claim was raised, the complaint fails to state a claim upon which relief can be granted because his allegations "fall far short of the pleading standard." Defs.' Reply at 6.

Defendants are correct that the complaint does not include an ultra vires claim. Plaintiff uses the term only three times in his complaint, *see* Compl. at ¶¶ 7, 43; Compl. at 15, and in each instance, ultra vires is used as an adjective describing defendants' allegedly unlawful conduct. *See, e.g.*, Compl. ¶ 7 ("This action is brought against the Defendants . . . based on Defendants' unlawful, arbitrary, and *ultra vires* denial of [p]laintiff's I-140 EB-2/NIW petition . . . .") (emphasis in original); Compl. ¶ 43 ("As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision . . . .") (emphasis in original); Compl. at 15 ("Plaintiff prays that this Honorable Court: (1) Declare that the denial of [p]laintiff's EB-2/NIW I-140 is *ultra vires* . . . .") (emphasis in original). While plaintiff specifically identified the existence of and basis for a claim under the APA, plaintiff neither identifies ultra vires review as a cause of action nor sets forth the elements required to state such a claim.

Although the Federal Rules of Civil Procedure do not require a plaintiff to attach a claim for relief to a specific legal theory, Rule 8(a)(2) requires "a short and plain" statement of the plaintiff's claim. This requirement exists to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (internal citation omitted). Here, plaintiff failed to provide fair notice of an ultra vires claim in his complaint, and "it is axiomatic that a party may not amend his complaint through an opposition brief." *Masroor*, 2025 WL 2439176 at *3, quoting *Sai v. Transp. Sec. Admin.* 326 F.R.D. 31, 33 (D.D.C. 2018) (alteration in original).

More importantly, the ultra vires theory advanced in plaintiff's opposition is just the APA claim all over again. It is still barred by the statute precluding judicial review, and it does not begin to meet the high standard for an ultra vires claim. So even if plaintiff included an ultra vires claim in the complaint, it would be dismissed under Rule 12(b)(6).

To prevail on an ultra vires claim, a plaintiff must demonstrate that "(1) review is not expressly precluded by statute, (2) 'there is no alternative procedure for review of the statutory claim' and (3) the challenged action is 'plainly' in 'excess of [the agency's] delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory.'" *Glob. Health Council v. Trump*, 153 F.4th 1, 20 (D.C. Cir. 2025) (alteration in original), quoting *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 722 (D.C. Cir. 2022). Ultra vires review requires a demanding standard: such claims are "confined to 'extreme' agency error where the agency has 'stepped so plainly beyond the bounds of [its statutory authority], or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court[.]'" *Fed. Express Corp. v. U.S. Dep't of Commerce*, 39 F.4th 756, 764 (D.C. Cir. 2022), quoting *Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1998). This exacting standard exists because ultra vires review calls for judicial intervention where Congress has not statutorily authorized judicial review. *Id*. at 765.

Any ultra vires claim plaintiff raises here fails at the first prong. Section 1252(a)(2)(B)(ii) of Title 8 makes clear that "no court shall have jurisdiction to review" any decisions or actions that are within the discretion of the Attorney General or the Secretary of Homeland Security. Accordingly, this Court's review of defendants' discretionary decision to deny plaintiff's petition for a national interest waiver is explicitly precluded by statute. *See Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) ("If a statutory review scheme forecloses all other forms of judicial review . . . ultra vires review is also unavailable.").

Furthermore, plaintiff's ultra vires challenge is just a regurgitation of the APA claim, and it fails for the same reasons. His allegations do not "go beyond mere legal or factual error," and they certainly do not amount to the lawless action required for ultra vires review. *Fed. Express Corp.*, 39 F.4th at 764 . Therefore, plaintiff's ultra vires theory, to the extent it appears in the complaint at all, must be dismissed for failure to state a claim.

**CONCLUSION**

For the foregoing reasons, the Court will grant defendants' motion to dismiss. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 29, 2026